**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD GREENLEE,

    Plaintiff,

    v.       Case No. 09-2105-JAR-GLR

BONNER SPRINGS NURSING
AND REHABILITATION, et al.,

    Defendants.

**ORDER**

The Scheduling Order in this case set a telephone status conference on September 10, 2009.[1] The Court attempted to contact Plaintiff for the September 10, 2009 status conference, but was unable to reach him at the telephone number listed in his pleadings and Report of Parties' Planning Conference. The status conference was therefore continued to September 17, 2009 because of Plaintiff's absence and the inability to contact him.[2] On September 17, 2009, the Court again attempted to convene the status conference by telephone. Again the Court could not reach Plaintiff by telephone and consequently entered an Order for Plaintiff to appear in person and show cause why sanctions should not be imposed for his failure to participate in the telephone scheduling conferences as previously ordered.[3] The Order set the hearing for October 1, 2009 at 4:00 p.m. for plaintiff to appear in person and show cause why sanctions should not be imposed upon him. A copy of that Order was entered into the docket and mailed to Plaintiff by regular and certified mail.

---

[1] *See* June 10, 2009 Scheduling Order (doc. 12) ¶ 4.b.

[2] *See* September 11, 2009 Order (doc. 21).

[3] *See* Order for Plaintiff to Show Cause in Person Why Sanctions Should Not Be Imposed (doc. 22).

On October 1, 2009, the Court convened for the scheduled hearing for plaintiff to appear and show cause. Plaintiff failed to appear. Defendants appeared through counsel Melissa D. Hillman.

The Court finds that Plaintiff has failed without cause and in violation of the orders of the Court to appear on three separate occasions. Sanctions are appropriate, therefore, pursuant to Federal Rule of Civil Procedure 16(f). The Court imposes sanctions of an award of attorney fees in favor of Defendants against Plaintiff in an appropriate amount because of the failure by Plaintiff to appear at the two telephone conferences of September 10 and 17, 2009, respectively, and at the hearing on October 1, 2009. Fed. R. Civ. P. 16(f)(1)(A) permits a Court to issue any just orders if a party fails to appear at a scheduling or other pretrial conference. Rule 16(f)(2) further provides that the Court "must order the party . . . to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."[4] The Court will therefore impose the reasonable expenses, including attorney's fee, incurred by Defendants because of Plaintiff's multiple failures to appear at scheduled court conferences and hearing. Based upon the suggestion of defense counsel, the Court finds that an award of attorney's fees of $210.00 is a fair and reasonable amount, particularly for the time spent by her, approximately one and one-half hours, to appear for the three conferences. The Court therefore orders that sanctions be imposed upon Plaintiff for attorney's fees in favor of Defendants and defense counsel in the amount of $210.00, pursuant to Fed. R. Civ. P. 16(f). **Within thirty (30) days of the date of this Order, Plaintiff shall pay to Defendants and their attorneys the sum of $210.00 and file with the Court a receipt or affidavit to show that such payment has been made.**

The Court denies the request for sanctions of dismissal of the case. The Court informs

---

[4]Fed. R. Civ. P. 16(f)(2).

Plaintiff, nevertheless, that if he further defaults, fails to appear, or otherwise fails to obey the orders of the Court, that the Court may order additional sanctions to include a dismissal of this case, either with or without prejudice.

The Court grants the oral motion by Defendants to extend deadlines as follows: The discovery deadline is extended to **December 1, 2009,** for the purpose of deposing Plaintiff. The deadline for the parties to complete mediation is extended to **December 31, 2009**. The Final Pretrial Conference, previously set for November 5, 2009, is continued to **December 15, 2009 at 2:00 p.m.** in Courtroom 223, United States Courthouse, 500 State Avenue, Kansas City, Kansas. The deadline for the parties to submit their jointly-prepared proposed pretrial order is extended to **December 8, 2009**. The deadline for filing dispositive motions is extended to **January 8, 2010**.

Plaintiff is further reminded that under District of Kansas Rule 5.1(c) he is under a continuing duty to notify the clerk in writing of any change of address or telephone number.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 6th day of October, 2009.

s/ Gerald L. Rushfelt  
GERALD L. RUSHFELT  
UNITED STATES MAGISTRATE JUDGE