ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD GREENLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-2105-JAR-GLR |
| ) | |
| BONNER SPRINGS NURSING AND ) | |
| REHABILITATION, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

Before the Court is defendants' Motion to Dismiss for Lack of Prosecution (Doc. 29). On December 17, 2009, Magistrate Judge Rushfelt issued an Order providing that plaintiff shall have up and until January 7, 2010 within which to show cause in writing, filed with the Clerk, why defendants' motion to dismiss should not be granted, including dismissal of the case for plaintiff's failures to appear for status conferences and for the Final Pretrial Conference, and for his failures to comply with the prior orders of the Court. Plaintiff has filed two responses to Judge Rushfelt's Order (Docs. 32, 33) on December 21, 2009 and January 11, 2010. The Court has reviewed the filings and is prepared to rule. As described more fully below, the Court grants defendants' motion and dismisses this case with prejudice.

*Background*

Plaintiff filed this action on March 3, 2009 alleging various claims of employment discrimination.[1] He proceeds *pro se.* On June 10, 2009, Judge Rushfelt entered a Scheduling

---

[1](Doc. 1.)

Order[2] after conducting a Scheduling Conference with the parties by telephone. Plaintiff appeared at the Scheduling Conference.[3] Pursuant to the Scheduling Order, the parties were to exchange Witness and Exhibit Lists by July 2, 2009 and were to provide confidential settlement reports to the Court by July 20, 2009. Defendants timely provided their Witness and Exhibit List.[4] Despite being granted a ten-day extension of time to complete his Witness and Exhibit List, plaintiff never provided a Witness and Exhibit List. Defendants provided a timely confidential settlement report. Despite being granted an extension of time to provide his report, plaintiff failed to submit the report as required. To date, plaintiff has not provided a settlement report.

A telephonic status conference was scheduled for September 10, 2009. Counsel for defendants appeared, but plaintiff failed to appear.[5] The telephonic status conference was continued to September 17, 2009. Again, counsel for defendant appeared, but plaintiff failed to appear. Because plaintiff failed to appear for the second scheduled status conference, Judge Rushfelt entered an Order for plaintiff to appear in person on October 1, 2009, and show cause why sanctions should not be imposed upon him.[6] Again, defense counsel appeared on October 1, 2009, but plaintiff failed to appear. Judge Rushfelt issued sanctions against plaintiff and ordered him to pay attorney's fees to defendants' counsel in the amount of $210.00 by November 5,

---

[2](Doc. 12.)

[3]*Id.*

[4](Doc. 15.)

[5](Doc. 21.)

[6](Doc. 22.)

2009.[7] Plaintiff has not complied with the Court's Order to pay these fees.

Defendants served plaintiff with interrogatories on August 12, 2009. Plaintiff never responded to the interrogatories. After attempting to reach the plaintiff regarding the interrogatory responses, defendants filed a Motion to Compel the responses. The Court granted defendants' Motion to Compel and ordered the plaintiff to respond to the interrogatories by December 11, 2009.[8] Again, plaintiff disregarded the Court's Order and failed to provide responses to defendants' interrogatories. To date, plaintiff has not served responses to defendants' interrogatories.

By Order dated October 6, 2009, Judge Rushfelt continued the Final Pretrial Conference to December 15, 2009 at 2:00 p.m. in Courtroom 223. A copy of that Order was mailed by certified mail to plaintiff.[9] On December 15, 2009, the Court convened for the scheduled Final Pretrial Conference. Plaintiff failed to appear. Plaintiff did not provide any excuse to the Court for failing to appear or otherwise notify the Court that he would not appear. This failure to appear precipitated the Order to Show Cause issued by Judge Rushfelt on December 17, 2009.

Plaintiff responded to the Order to Show Cause,[10] stating that he had been burglarized in August and that he has been ill and bedridden. He states that he got all of his paperwork on December 11, 2009 and that "I will have it in your office Dec 21, 2009." He states further that he is disabled and does not believe that sanctions should be imposed.

---

[7](Doc. 24.)

[8](Doc. 27.)

[9](Doc. 25.)

[10](Doc. 32.)

3

*Discussion*

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Court has discretion to sanction a party for failure to prosecute, including dismissing the case.[11] "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'"[12] A dismissal with prejudice, however, is a harsh remedy and the Court must first consider the following non-exhaustive list of factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[13]

All of these factors counsel in favor of dismissal with prejudice as an appropriate sanction for plaintiff's failure to prosecute in this case. There is no doubt that defendants have suffered actual prejudice. Defendants appeared through counsel at four separate hearings at which plaintiff failed to appear. Defendants abided by deadlines set forth in the Scheduling Order and attempted to conduct discovery; they were forced to file a motion to compel due to plaintiff's failure to respond to their interrogatories. Plaintiff also interfered with the judicial process by failing to abide by several court orders, including Judge Rushfelt's order sanctioning

---

[11]*See, e.g.*, *AdvantEdge Bus Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[12]*AdvantEdge Bus Group*, 552 F.3d at 1236 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

[13]*Id.* (citations and internal quotations omitted).

4

plaintiff for failing to appear at the third setting for the status conference.

Plaintiff indicates that he has failed to prosecute this action because early in the case he was burglarized and lost many of his case documents and that he has been ill. The Court cannot find that these circumstances mitigate plaintiff's culpability in failing to prosecute. He has repeatedly failed to adhere to scheduling deadlines that should not have been impacted by this asserted burglary, such as submitting a confidential settlement report, and has failed to appear for hearings that merely required him to use the telephone. Those deadlines were set in the Scheduling Order, which was the subject of the June 2, 2009 Scheduling Conference that plaintiff did take part in. He filed three motions for extension of time since the Scheduling Order, indicating that he was aware of the Scheduling Order deadlines and of his need to seek extensions of time if he could not comply with them.

Plaintiff's most recent filing indicates that he has not been provided with court orders since June 2009. The record does not support plaintiff's contention. The Order to Show Cause filed on September 17, 2009 required plaintiff to appear at a show cause hearing set for October 1, 2009. A certified mail receipt was returned to the Court showing that plaintiff received the Order, as he signed the receipt. Also, the record indicates that the entire court file was mailed to plaintiff on December 2, 2009, more than two weeks prior to the scheduled pretrial conference.

The Court is mindful that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[14] But litigants are not excused from compliance with fundamental rules of procedure because they are proceeding *pro*

---

[14]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 1972)).

*se*.[15]  *Pro se* litigants must follow rules of procedure, including local rules.[16]  Plaintiff has been repeatedly warned that dismissal may be warranted for failure to prosecute and abide by the Court's orders in this case and lesser sanctions have already proven ineffective.  Even after plaintiff was sanctioned with attorney's fees, he failed to appear for the Final Pretrial Conference.  For all of these reasons, the Court finds that dismissal with prejudice is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss for Lack of Prosecution (Doc. 29) is **granted**.  This action is dismissed **with prejudice**.

**IT IS SO ORDERED.**

Dated: January 13, 2010

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      UNITED STATES DISTRICT JUDGE

---

[15] *Ogden v. San Juan County*, 32 F.3d 452, 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[16] *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1097 n.10 (D. Kan. 2003).